IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| AMANDA KYZER DARBY, | § |
| Applicant, | § § § |
| VS. | §  NO. 4:16-CV-138-A |
| JODY R. UPTON, WARDEN, | § § § |
| Respondent. | § |

MEMORANDUM OPINION
and
ORDER

Now before the court is the document that was tendered and filed as an application for writ of habeas corpus under 28 U.S.C. § 2241 by, Amanda Kyzer Darby, naming as respondent, Jody R. Upton, Warden.

I.

Screening Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325

(1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989); see also Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require "claims of specific conduct and action giving rise to a

2

constitutional violation.").

Having considered the document that was filed as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the court concludes that the application should be denied under the provisions of 28 U.S.C. § 1915A. <u>Twombly</u>, 550 U.S. at 555.

## II.

### Analysis

Though applicant has tendered her petition as an application for writ of habeas corpus under 28 U.S.C. § 2241, applicant is not seeking the kind of relief that the court may give in such an application. The court interprets the application as a request that the court reconsider a petition under 28 U.S.C. § 2255 filed before a different court, and, part of the relief that applicant seeks is for the court to "[o]rder an evaluation and treatment of inpatient substance abuse." Applicant cites no authority and the court is aware of no authority, that would allow this court to provide her that relief or a reconsideration of the ruling on her § 2255 petition. Thus, the court finds that the application must be denied.

III.

Order

Therefore,

For the reasons discussed herein,

The court ORDERS that the document filed by Amanda Kyzer Darby that was tendered and filed as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, denied.

SIGNED April 18, 2016.

_____
JOHN McBRYDE
United States District Judge